

**LAW OFFICES OF RAHUL WANCHOO**
Attorneys for Plaintiff
Empire State Building
350 Fifth Avenue, 59th Floor
New York, New York 10118
Phone: (646) 593-8866
Fax:   (212) 618-0213
E-mail: rwanchoo@wanchoolaw.com



08 CIV 5074

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

CROSSBOW CEMENT SA

               Plaintiff,

- against -

MOHAMED ALI SALEH AL-HASHEDI &
BROTHERS

               Defendant.

-------------------------------------------------------------X



08 Civ. _____

**VERIFIED COMPLAINT**

      Plaintiff, CROSSBOW CEMENT SA ("Plaintiff"), by its attorneys, LAW OFFICES OF RAHUL WANCHOO, alleges on information and belief as follows:

**JURISDICTION AND VENUE**

      1.    This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court. This case also falls under the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333. Finally, this Court also has jurisdiction over this matter because the action also arises under the convention on the

Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et. seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et. seq.*

## THE PARTIES

2.   At all material times, Plaintiff was and now is a foreign corporation organized under and existing by virtue of the laws of Geneva, Switzerland, and was the Seller of a cargo of about 25,000 metric tons of Chinese bagged Portland cement.

3.   Upon information and belief, at all material times, Defendant, MOHAMED ALI SALEH AL-HASHEDI & BROTHERS, ("Defendant") was and now is a foreign corporation organized under and existing by virtue of the laws of the Republic of Yemen, and was the Buyer of the cargo of cement.

4.   Plaintiff's claim arises out of and in connection with a sale contract dated July 27, 2005 ("Contract") pursuant to which Plaintiff shipped the cement on board the M.V. SEABOSS 1 ("Vessel") under a maritime Congenbill incorporating the GENCON charter party form for discharge at the port of Aden, Republic of Yemen.

## CLAIMS OF PLAINTIFF

5.   Pursuant to the Contract Plaintiff agreed to sell about 25,000 metric tons of Chinese bagged Portland cement at a unit price based on free out discharge at Aden. However, at the request of the Defendant, Plaintiff agreed to discharge the cargo at the ports of Berbera and Hodeidah and, accordingly, 5000 tonnes were discharged at Berbera and the balance at Hodeidah.

6.   In performance of the Contract, Plaintiff incurred demurrage on the Vessel at Berbera for 4.5 days at $20,000 per day or $90,000.00. In addition, Plaintiff also incurred previous demurrage swith respect to the M.V. SAPANCA in the amount of $1,140.00. Thus,

Plaintiff's demurrage claim incurred under the Contract totals $91,140.00, which the Defendant has failed to pay despite due demand.

## THE ARBITRATION AWARD

7. Disputes arising under the Contract were to be referred to arbitration in London in accordance with the GENCON charter party terms. Accordingly, Plaintiff submitted its dispute to arbitration in London before a sole arbitrator.

8. In accordance with the Final Arbitration Award of the arbitrator dated December 6, 2006 ("Final "Award") (Exhibit A), Plaintiff is entitled to recover the following amounts:

| | | |
|---|---|---|
| A. | On the principal claim: | $91,140.00 |
| B. | Accrued interest:<br>8% at 3-month rests,<br>10/25/05 – 05/29/08 | $20,665.00 |
| C. | Costs of reference:<br>(£5,600 @ $1.97504) | $11,060.00 |
| D. | Interest on "C":<br>8% at 3 month rests<br>12/6/06 – 05/29/08 | $1,307.00 |
| E. | Cost of Final Award<br>(£4,500 @ $1.97504) | $8,888.00 |
| F. | Interest on "E":<br>8% at 3-month rests<br>12/6/06 – 05/29/08 | $1,050.00 |
| | Total Claim: | $134,110.00 |

9. Defendant has not paid any of the above amounts.

10. Defendant has not appealed from or otherwise moved to set aside the Final Award, and Defendant's time for doing so has passed.

11. All and singular the premises are true and within the admiralty and maritime jurisdiction of this Honorable Court.

12. Plaintiff brings this action by seeking an order of seizure of Defendant's goods and chattels, or credits and effects in the hands of garnishees to be named in the process, in the amount sued for herein, so that the Court shall have jurisdiction to enter a judgment upon the Final Award of the London arbitrator.

**WHEREFORE**, the Plaintiff prays the following:

1. That process in due form of law according to the practice of this Court in causes of admiralty and maritime jurisdiction may issue against Defendant, Mohamed Ali Saleh Al-Hashedi & Brothers, that it be personally cited to appear and answer the matters set forth above;

2. That if the Defendant cannot be found within this District, then that Defendant's goods and chattels, or credits and effects within the hands of garnishees within the jurisdiction of this Court be attached by process pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims and in an amount sufficient to answer Plaintiff's claims of $134,110.00, the sum sued for in this Complaint;

3. That a judgment be entered upon the Final Award of the aforesaid arbitration for the amount of any recovery by Plaintiff, together with interest, costs and disbursements of this action; and

4. That this Court grants to Plaintiff such other and further relief as may be just and proper in the circumstances.

Dated: New York, New York
June 3, 2008

>                            LAW OFFICES OF RAHUL WANCHOO
>                            Attorneys for Plaintiff
>                            Crossbow Cement SA
>
>                            By: *Rahul Wanchoo*
>                            Rahul Wanchoo (RW-8725)

4

STATE OF NEW JERSEY)
                              ss.
COUNTY OF BERGEN  )

I, Rahul Wanchoo, being duly sworn, deposes and says:

I am an attorney at law and a member of the firm of Law Offices of Rahul Wanchoo, attorneys for Plaintiff.

I have read the foregoing Verified Complaint and know the contents thereof and the same are true to the best of my knowledge, information and belief.

The reason that this verification is made by me and not by Plaintiff is that Plaintiff is a foreign corporation and is not within this District.

*Rahul Wanchoo*

Sworn to and subscribed to
before me this 2nd day of June, 2008.

*Michael C. Zeale*
Notary Public

Michael C. Zeale
Notary Public State of New Jersey
My Commission Expires
August 8, 2010